James B. KING, Director, Office
of Personnel Management,
Petitioner,

v.

Richard L. FRAZIER, Respondent.

No. 94–3670.

United States Court of Appeals,
Federal Circuit.

Nonprec. Opin. Issued: Dec. 19, 1995.

Prec. Opin. Issued: March 12, 1996.

Hillary A. Stern, Attorney, Department of Justice, Washington, D.C., argued, for petitioner. Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Ross D. Cooper, Attorney, Commercial Litigation Branch, Department of Justice, Washington, D.C., were on the brief, for petitioner. Also on the brief was Steven E. Abow, Senior Attorney, Office of the General Counsel, Office of Personnel Management, Washington, D.C., of counsel.

Otto P. Witt, Witt & Associates, P.C., Wethersfield, Connecticut, submitted, for respondent.

Before RICH, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

James B. King, Director of the Office of Personnel Management (OPM), seeks review of the decision in Arbitration Docket No. 92–05883 (October 19, 1993). In that decision, the arbitrator overturned the 60–day suspension imposed on Richard L. Frazier by the Department of Housing and Urban Development (the agency). We reverse.

I

On October 29, 1991, the agency suspended Mr. Frazier for committing sexual harassment and for engaging in notoriously disgraceful conduct. Upon receiving notice of his suspension, Mr. Frazier filed a grievance to challenge the suspension by arbitration, pursuant to the applicable collective bargaining agreement.

At the arbitration hearing, the agency presented the testimony of several women who had allegedly been the targets of explicit sexual comments made by Mr. Frazier in the workplace. Mr. Frazier did not deny making any of the offensive comments. The agency also submitted exhibits bearing Mr. Frazier's signature in which he acknowledged having received and read OPM's definition of sexual harassment and OPM's policy statement which prohibits sexual harassment in the workplace.

Based upon the evidence presented at the hearing, the arbitrator concluded that a preponderance of the evidence showed that Mr. Frazier engaged in "no less than notoriously disgraceful conduct." Furthermore, the arbitrator concluded that Mr. Frazier had likely conducted himself in the same manner for the preceding 25 years. As the arbitrator put it, "[i]t would seem that this is Mr. Frazier's lifestyle."

Despite these conclusions, the arbitrator stated that resolution of the case turned on whether Mr. Frazier knew or should have known that his conduct constituted sexual harassment. Based upon the evidence presented, the arbitrator decided that "Mr. Frazier did not know right from wrong," did not know that his conduct constituted sexual harassment, and was "not guilty" of sexual harassment. Therefore, the arbitrator reversed the agency's 60–day suspension.

The Director of OPM appeals the arbitrator's decision to this court. We have jurisdiction to review his petition pursuant to 5 U.S.C. § 7703(d) (1994).

II

■ OPM first contends that the arbitrator incorrectly interpreted and applied the legal standard for sexual harassment in the federal workplace. We agree.

OPM's policy statement defines sexual harassment as "deliberate or repeated unsolicited verbal comments, gestures, or physical contact of a sexual nature which are unwelcome." This statement tracks the Equal Employment Opportunity Commission (EEOC) guidelines, which we have interpreted in the past. In *King v. Hillen*, 21 F.3d

1572, 1579–80 (Fed.Cir.1994), we synthesized recent Supreme Court precedent with the EEOC guidelines for sexual harassment. We stated that sexual harassment exists "if the offensive conduct is based on the employee's sex, is unwelcome, and is sufficiently severe or pervasive to interfere with the employee's job performance or to create an abusive work environment." *Id.* at 1580.

■■ This test requires both an objective and subjective inquiry. *Id.* at 1582; *Harris v. Forklift Sys., Inc.,* — U.S. —, —, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). The objective inquiry requires the decisionmaker to determine whether a reasonable person would find the misconduct hostile or abusive. *Id.* The subjective inquiry requires the decisionmaker to determine whether the victim perceived the misconduct as creating a hostile or abusive environment. *Id.* Both inquiries, however, require that sexual harassment be judged from the perspective of the one being harassed. *King,* 21 F.3d at 1582–83; *cf. Ellison v. Brady,* 924 F.2d 872, 878 (9th Cir.1991) ("[I]n evaluating the severity and pervasiveness of sexual harassment, we should focus on the perspective of the victim.").

Based upon this precedent, the arbitrator should have evaluated whether Mr. Frazier's conduct created a hostile or abusive environment from the perspective of the one being harassed. Instead, it is apparent that he viewed the situation from Mr. Frazier's perspective by introducing intent as an element of the offense. By so requiring, the arbitrator improperly borrowed the mens rea requirement from criminal law and interjected it into sexual harassment law.

■ Because the arbitrator never applied this legal standard, we reverse his decision on this charge. Remand is unnecessary, however, because the evidence presented satisfies the legal standard. Objectively, the arbitrator found that Mr. Frazier made "statements to another which are patently notorious[ly] disgraceful and contrary to acceptable conduct by most of society." Subjectively, the arbitrator found that Mr. Frazier "made many statements of a sexual nature directly to the witnesses [the victims] ... which they found distressful." Therefore, both the objective and subjective requirements of the sexual harassment test are met.

### III

■ OPM also contends that the arbitrator erred by injecting an intent requirement into civil service law. On the facts of this case, and for the reasons explained below, we agree.

■ A governmental agency may discipline an employee "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a) (1994). This requires a showing that: (1) the employee engaged in misconduct; and (2) there exists a nexus between the misconduct and the efficiency of the service. *Brook v. Corrado,* 999 F.2d 523, 526–27 (Fed.Cir.1993). Even if the case involves a collective bargaining agreement, the arbitrator may not apply legal standards which conflict with this standard. *See Devine v. Levin,* 739 F.2d 1567, 1570 (Fed.Cir. 1984); *Devine v. Brisco,* 733 F.2d 867, 871 (Fed.Cir.1984).

As explained above, the arbitrator found that Mr. Frazier engaged in notoriously disgraceful conduct. After making this finding of fact, the arbitrator should have inquired whether Mr. Frazier's misconduct affected the efficiency of the service. Instead, the arbitrator cited *Murray v. Department of Army,* 40 M.S.P.R. 250 (1989), for the proposition that the employee must have an intent to commit the misconduct.

The arbitrator's reliance upon *Murray* is misplaced. In *Murray,* the agency charged the employee with two separate offenses: (1) making false accusations against co-workers; and (2) creating a disturbance in the workplace through rude remarks. *Id.* at 252. As to the first offense, the Board required a showing of wrongful intent because an intent to deceive is a specific element of that offense. *Id.* at 255. As to the second offense, however, the Board explicitly stated that § 7513(a) does not require that the misconduct result from wrongful intent. *Id.* at 255–56. Similarly, intent is not an element of the notoriously disgraceful charge levelled against Mr. Frazier.

■ Despite the arbitrator's failure to address the nexus requirement, we conclude

that it is satisfied in the present case. Our precedent makes clear that the requisite nexus is presumed in cases where the employee's misconduct is so egregious that it speaks for itself. *Brook*, 999 F.2d at 527–28; *Hayes v. Department of Navy*, 727 F.2d 1535, 1539 (Fed.Cir.1984). This presumption is bolstered in cases where the agency can prove that the employee engaged in sexual harassment, as is the case here. *Cf. Cooper v. United States*, 226 Ct.Cl. 75, 639 F.2d 727, 729–30 (1980) ("We do not quarrel with the Government's finding that sexual misconduct adversely affects the employer-employee relationship."). Because Mr. Frazier has introduced no evidence to rebut this presumption, we reverse the arbitrator's decision on this charge.

## IV

Having found that Mr. Frazier engaged in egregious misconduct, the arbitrator was required to follow established precedent in evaluating the legal ramifications thereof. Instead, he excused Mr. Frazier because Mr. Frazier supposedly could not discern right from wrong. This approach was erroneous. Because the evidence amply supports the requirements of both charges, we reverse the arbitrator's decision and reinstate the agency's 60–day suspension.

No costs.

*REVERSED.*