108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph SOUSA, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 97-3062.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1997.
 
 MSPB
 AFFIRMED.
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Joseph Sousa petitions for review of the final decision of the Merit Systems Protection Board (Board) sustaining his removal by the Department of the Army (agency). Sousa v. Department of the Army, Docket No. BN-0752-96-0016-I-1. The September 4, 1996 initial decision of the administrative judge (AJ) became the final decision of the Board on October 9, 1996, after Sousa failed to file a petition for review. We affirm.
 
 DISCUSSION
 I.
 
 2
 Mr. Sousa was employed by the agency as a Legal Administrative Assistant at the U.S. Army Research Laboratory in Watertown, Massachusetts. He was removed from his position on September 27, 1995, for fighting/creating a disturbance, insubordination, and failure to follow administrative rules or regulations where safety of persons or property was not endangered. The first two charges arose out of an incident which occurred on July 27, 1995, when Department of Defense (DOD) police officers John G. Wilcox, Edward R. Putnam, and Wayne A. Lawniczack went to Mr. Sousa's office in order to take him into custody. The officers were acting at the request of the North Andover Massachusetts Police Department (NAPD), which held a warrant for Mr. Sousa's arrest for operating a motor vehicle while his driver's license was suspended. According to the agency, an altercation ensued when the officers sought to place Mr. Sousa in custody. The third charge was based on the allegation that Mr. Sousa had been operating his privately-owned vehicle on agency grounds for approximately three years without a valid Massachusetts driver's license because his license had been suspended on September 26, 1992. Mr. Sousa timely appealed his removal to the Board.
 
 
 3
 Following a hearing, the AJ sustained the charges of fighting/creating a disturbance and insubordination. The AJ determined, however, that the agency had not established the third charge against Mr. Sousa. The AJ found that Mr. Sousa had not known that his license was suspended at the time he operated his motor vehicle on agency grounds. Based upon the charges which she had sustained, the AJ upheld Mr. Sousa's removal.
 
 II.
 
 4
 The Board's decision must be affirmed unless it is found to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence; ...
 
 
 8
 5 U.S.C. § 7703(c), See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Evidence is substantial if it constitutes what "a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (1981), cert. denied, 454 U.S. 1144 (1982), quoting Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229 (1938). The determination of the credibility of the witnesses is within the discretion of the AJ, who had the opportunity to hear their testimony and observe their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361 (Fed.Cir.1985). The credibility determinations of the AJ are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). To have a removal action sustained, the agency must prove by a preponderance of the evidence that: (1) the employee did what he was charged with doing, King v. Frazier, 77 F.3d 1361, 1363 (Fed.Cir.), cert. denied, 117 S.Ct. 62 (1996); (2) there is a nexus between what the employee did and disciplining the employee to promote the efficiency of the service, id.; and (3) the penalty was reasonable, Webster v. Department of the Army, 911 F.2d 679, 685-86 (Fed.Cir.1990), cert. denied, 502 U.S. 861 (1991).
 
 
 9
 Mr. Sousa's first argument on appeal is that he did not commit the offenses with which he was charged and that the DOD officers who testified at the hearing perjured themselves. Before the AJ, Mr. Sousa testified that, when the three officers came to his office, he told them that the warrant for his arrest was a mistake and that he offered as proof a copy of the Massachusetts Registry of Motor Vehicles License Inquiry Screen (MR sheet). Then, Mr. Sousa said, he started toward the door to call the NAPD but was told to empty his pockets. When he did not immediately respond, he was thrown over his desk and handcuffed. The officers then moved him toward the door, at which point somebody stumbled and they all fell.
 
 
 10
 The agency's version of the events of July 27, however, was that Mr. Sousa resisted the officers' attempts to escort him to the security office by hitting and pushing them and that, in so doing, he injured Officers Wilcox and Putnam. Officer Wilcox testified that Mr. Sousa was belligerent and uncooperative in emptying his pockets. Officer Lawniczak stated that Officer Putnam twice asked Mr. Sousa to empty his pockets and that, in response, Mr. Sousa "became loud and said that he was not going to and neither were they." Officer Wilcox related that, after being handcuffed, Mr. Sousa started "flailing" his elbows and hit him (Officer Wilcox) in the face and everyone ended up on the floor. Officer Wilcox testified that he suffered a bloody nose and that Officer Putnam's ribs and shoulder were injured. Officer Wilcox and Officer Lawniczak denied that Mr. Sousa produced a copy of the MR sheet, and Officer Lawniczak stated that Mr. Sousa never suggested calling the NAPD. The AJ found that the testimony of Officers Wilcox and Lawniczak concerning the July 27 incident was more credible than that of Mr. Sousa.
 
 
 11
 We see no reason to disturb the AJ's credibility determinations. Those determinations are not "inherently improbable or discredited by undisputed fact or physical evidence." Carosella v. United States Postal Service, 816 F.2d 638, 641 (Fed.Cir.1987), quoting Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct.Cl.1968). Plainly, there is substantial evidence to support the finding that Mr. Sousa fought with the officers and created a disturbance and was insubordinate. We thus reject Mr. Sousa's contention that the agency did not establish the charges against him.
 
 
 12
 Mr. Sousa does not dispute that the agency established a nexus between the charged misconduct and the efficiency of the service. Rather, his second argument on appeal is that the penalty of removal is excessive when considered in light of his "fifteen years of unblemished service." Where, as here, "the appropriateness of the penalty is at issue and ... some of the initial charges have not been sustained, the [AJ's] decision to sustain the penalty should contain a reasoned explanation demonstrating that all relevant Douglas factors were properly considered." Kline v. Department of Transp., FAA, 808 F.2d 43, 45 (Fed.Cir.1986). In Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (Ct.Cl.1981), the Board set forth twelve factors which may be pertinent in deciding what penalty is appropriate. "Selection of an appropriate penalty must ... involve a responsible balancing of the relevant factors in the individual case." Id. at 306. In addition, the penalty imposed must not be unreasonable in light of the sustained charges. Webster, 911 F.2d at 685-86.
 
 
 13
 The AJ determined that the agency's removal action was "within the bounds of reasonableness." Because all of the agency's charges were not sustained, the AJ conducted an independent evaluation to determine whether the sustained charges warranted the penalty imposed by the agency. In so doing, the AJ took into account the nature and seriousness of the offense (Douglas factor 1) and Mr. Sousa's past disciplinary and work records (Douglas factors 3 and 4). Specifically, the AJ weighed Mr. Sousa's 15 years of service with the agency with no prior disciplinary actions against what the AJ characterized as "serious" misconduct "because two officers were injured." The AJ stated that Mr. Sousa's "violent behavior toward two DOD police officers establishes a complete lack of respect for authority." In addition, the AJ determined that the penalty of removal was consistent with the agency's Table of Offenses and Penalties (Douglas factor 7), and she concluded that Mr. Sousa did not exhibit good potential for rehabilitation (Douglas factor 10). The AJ observed that what she characterized as Mr. Sousa's "unconvincing excuses [did] not indicate any sincere regret for his behavior or a conscious decision to reform." We conclude that the AJ properly considered the relevant Douglas factors. Accordingly, we will not disturb her holding that the penalty of removal was reasonable.
 
 
 14
 For the foregoing reasons, the decision of the Board sustaining Mr. Sousa's removal is affirmed.
 
 
 15
 No costs.