**Gaston FRANCISCO, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 04–3145.

United States Court of Appeals, Federal Circuit.

Aug. 5, 2004.

Gaston Francisco, Jr., Mansura, LA, pro se.

Stacy L. Smith, Principal Attorney, Brian S. Smith, Harold D. Lester, Jr., David M. Cohen, Of Counsel, Washington, DC, for Respondent.

Before NEWMAN, MICHEL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Gaston Francisco, Jr., appeals from a decision of the Merit Systems Protection Board, Docket No. SF–0752–02–0636–I–1, affirming the decision of the United States Postal Service to remove him from his position. We *affirm.*

## BACKGROUND

Mr. Francisco was employed as a custodian for the Postal Service in San Francisco, California, from March 2000 until his removal in August 2002. On December 25, 2000, Mr. Francisco left work without authorization and did not return. On January 13, 2001, the Postal Service placed Mr. Francisco on absent without official leave ("AWOL") status because of his continued unauthorized absence. Mr. Francisco's supervisor notified Mr. Francisco by letter of his AWOL status on July 2, 2001, and advised Mr. Francisco either to return to work or to provide justification for his absence, such as by submitting appropriate medical documentation for any illness or injury that he may have suffered. The letter warned Mr. Francisco that he might be removed if he did not comply with those directions. The Postal Service sent Mr. Francisco a similar letter on August 9, 2001. Mr. Francisco responded to the second letter by leaving a voicemail message with the Postal Service stating that he was absent because of a personal health condition. The Postal Service followed up with a letter requesting appropriate documentation and leave requests for Mr. Francisco's absence within ten days of the letter. Mr. Francisco apparently did not respond to that letter.

On February 19, 2002, the Postal Service again sent Mr. Francisco a letter advising him of his AWOL status, directing him to return to work or submit appropriate documentation justifying his absence, and warning him of his possible removal. In response, Mr. Francisco called the Postal Service on February 25, 2002, and advised the Postal Service that he had suffered a lumbar spine injury on December 24, 2000.[1] On March 11, 2002, Mr. Francisco delivered to the Postal Service a "Certification of Health Care Provider" form that was blank except for his name. He also submitted a Postal Service "Request for or Notification of Absence" form indicating that he had suffered an on-the-job injury. Mr. Francisco's supervisor informed Mr. Francisco at that time that he was required to submit documentation from his doctor to justify his absence. Mr. Francisco did not submit any medical documentation, and the Postal Service sent him a letter on April 17, 2002, similar to the previous letters it had sent him. On May 1, 2002, Mr. Francisco called the Postal Service to explain that he was waiting for the Postal Service to obtain medical information from his doctor. Mr. Francisco never sent, and the Postal Service never received, any medical information justifying his absence.

On June 28, 2002, the Postal Service sent Mr. Francisco a letter proposing to remove him for being AWOL since January 13, 2001. Mr. Francisco did not respond to that notice. On July 25, 2002, the Postal Service removed Mr. Francisco from his position.

Mr. Francisco appealed his removal to the Merit Systems Protection Board. The Board found that Mr. Francisco was absent from his job without authorization and that the Postal Service had repeatedly advised him how to comply with Postal Service regulations regarding absences. The Board determined that Mr. Francisco did not justify his absence and his failure to return to duty, nor did he submit the required medical documentation to explain his absence. The Board further found, based on an affidavit of Mr. Francisco's supervisor, that Mr. Francisco's absence adversely affected the efficiency of agency operations. After considering the impact of Mr. Francisco's absence on the Postal Service, his failure to respond to Postal Service requests for his return or justification of his absence, and his prior Postal and military service, the Board found the penalty of removal to be reasonable.

Mr. Francisco petitioned the full Board to review the administrative judge's decision, but the full Board denied the petition. Mr. Francisco now petitions for review by this court.

## DISCUSSION

"[A]n agency may [remove] an employee only for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 7512, 7513(a). "This requires a showing that: (1) the employee engaged in misconduct; and (2) there exists a nexus between the misconduct and the efficiency of the service." *King v. Frazier*, 77 F.3d 1361, 1363 (Fed.Cir.1996). To establish the required nexus, the employer "must show a connection between the employee's misconduct and the employee's job responsibilities." *Brook v. Corrado*, 999 F.2d 523, 527 (Fed.Cir.1993).

Mr. Francisco does not dispute that he was absent from work without authorization for more than a year and a half.

---

1. Mr. Francisco also filed a claim with the Office of Workers' Compensation, claiming a lumbar spine injury on December 31, 2000, a time when Mr. Francisco was absent from work. That claim was denied for failure to submit sufficient evidence.

Although on a few occasions Mr. Francisco claimed that a back injury was keeping him from work, the Board concluded that Mr. Francisco did not submit the proper medical documentation to substantiate his claim of injury, despite repeated requests for such documentation. Thus, the Board had substantial evidence to sustain the Postal Service's charge of AWOL.

██ We have previously held that an unauthorized absence negatively impacts the efficiency of the service. *See Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed.Cir.1986); *Law v. United States Postal Serv.*, 852 F.2d 1278, 1279–80 (Fed. Cir.1988). Therefore, the administrative judge properly found the requisite nexus between Mr. Francisco's misconduct and Postal Service efficiency. In concluding that Mr. Francisco's misconduct warranted removal, the administrative judge considered the impact on the Postal Service, Mr. Francisco's failure to respond to the Postal Service's directives to return to work or to provide justification for his absence, and Mr. Francisco's prior Postal and military service. In light of the seriousness of Mr. Francisco's misconduct, as well as the impact on the Postal Service, a penalty of removal was not unreasonable.

Mr. Francisco raises several additional claims of misconduct on the part of the Postal Service. None of those claims, however, affect our conclusion that the charge of AWOL was supported by substantial evidence and that the penalty of removal was reasonable in light of Mr. Francisco's continued absence from work. Therefore, the additional claims do not provide a basis for overturning the Board's decision.