NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3150

LINDA R. BARNES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 5, 2006
_____

Before NEWMAN, MAYER, and LINN, Circuit Judges.

PER CURIAM.

Linda R. Barnes petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT844E050910-I-1, affirming the reconsideration decision of the Office of Personnel Management that she is not entitled to disability retirement benefits.  We affirm the decision of the Board.

DISCUSSION

Ms. Barnes was a Legal/Administrative Specialist with the Department of Veterans Affairs when she applied for disability retirement in September 2004. The OPM denied the application, and after various proceedings the Board concluded that her condition did not interfere with her ability to perform her job, and affirmed OPM's action. Ms. Barnes appeals, challenging the conclusion that she is not disabled, and stating that one of the government witnesses provided dishonest testimony.

The Federal Circuit does not have authority to review the facts of disability. See Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985)("Accordingly, while the factual underpinnings of ' 8347 disability determinations may not be judicially reviewed, such review is available to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination."'") (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl. 1968)). Thus the only issue before us relates to Ms. Barnes' allegation that a government witness "lied under oath." Ms. Barnes directs us to no basis for her allegation, which concerns her supervisor. An allegation of witness dishonesty requires support, such as inherent improbability or contradiction by undisputed facts. See Pope v. U.S. Postal Service, 114 F.3d 1144, 1149 (Fed. Cir. 1997) ("As an appellate court, we are not in position to re-evaluate these credibility determinations, which are not inherently improbable or discredited by undisputed fact."); Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (issues of credibility are extremely difficult to determine on appellate review).

The decision of the Board must be affirmed.

No costs.