NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH F. CLIPSE,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2016-1209

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-14-0178-I-1.

---

Decided: April 7, 2016

---

JOSEPH F. CLIPSE, Okatie, SC, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before PROST, *Chief Judge,* MOORE and STOLL, *Circuit Judges.*

PER CURIAM.

Joseph F. Clipse appeals the final decision of the Merit Systems Protection Board ("Board"), which denied Mr. Clipse's petition for review and affirmed the administrative judge's initial decision. In the initial decision, the administrative judge affirmed the Department of Homeland Security's action removing Mr. Clipse from his position as Lead Law Enforcement Specialist. For the reasons discussed below, we affirm.

## BACKGROUND

Mr. Clipse began working at the Department of Homeland Security ("DHS" or "agency") on February 19, 2006 as a Law Enforcement Specialist at the Federal Law Enforcement Training Centers ("FLETC"). At all times relevant to this appeal, Mr. Clipse served as a Lead Instructor in the Driver and Marine Division.

On July 22, 2013, Mr. Clipse was served a Notice of Proposed Removal (Proposal) and supporting evidence citing two charges: (1) failure to follow a written directive, containing six specifications, and (2) lack of candor, containing three specifications. On November 5, 2013, the agency sustained both charges and Mr. Clipse's removal became final. The charges arose from an investigation by DHS into numerous allegations that Mr. Clipse had fraternized with three female students and a female intern between 2007 and 2013 in violation of agency policy.

Mr. Clipse appealed his removal to the Board, denying many of the allegations and arguing that removal was inappropriate. Mr. Clipse also argued that his due process rights were violated by the lack of specificity in the underlying specifications. In an initial decision, the administrative judge sustained both charges, found that removal was an appropriate penalty, and concluded that Mr. Clipse had failed to prove that his due process rights

were violated. *Clipse v. Dep't of Homeland Sec.*, AT-0752-14-0178-I-1 (M.S.P.B Apr. 13, 2015) ("*Initial Decision*"). Mr. Clipse timely filed a petition for review of the initial decision, and the Board issued a final decision denying the petition and affirming the initial decision. *Clipse v. Dep't of Homeland Sec.*, No. AT-0752-14-0178-I-1, 2015 WL 5718599 (M.S.P.B. Sept. 30, 2015) ("*Board Decision*"). Mr. Clipse now timely appeals to us. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Clipse's appeal is primarily focused on what he contends are erroneous credibility determinations made by the administrative judge. He argues that, in every instance where there was conflicting testimony, the administrative judge improperly credited the testimony of the witnesses against him over his testimony. However, as we have stated, "[t]he credibility determinations of an administrative judge are virtually unreviewable on appeal." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Indeed, as an appellate court, we cannot set aside the administrative judge's credibility determination unless we find it to be "inherently improbable or discredited by undisputed fact." *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997). Here, Mr. Clipse has not made that showing.

For example, Mr. Clipse argues that one of the students is not a credible witness because she changed her story during the investigation and did not provide suffi-

cient details or documentary evidence to corroborate her position. The administrative judge, however, noted that the student did not independently file a complaint against Mr. Clipse, and, instead, only reported Mr. Clipse's behavior when she was approached by investigators from the Office of Professional Responsibility. Indeed, the administrative judge recognized that the student had no reason to fabricate allegations against Mr. Clipse, given that her testimony could potentially put her own law enforcement career at risk. Moreover, the administrative judge found the student's testimony to be "straightforward about admittedly embarrassing facts." *Initial Decision*, slip op. at 20. Finally, the administrative judge found that the student's testimony was corroborated by the testimony of another witness, who the administrative judge also found credible, in part because, unlike Mr. Clipse, the witness had no motive to lie.

On the other hand, the administrative judge found Mr. Clipse's story to be "so inherently improbable it renders his testimony not credible." *Id.* As to Mr. Clipse's demeanor, the administrative judge stated that she was "unimpressed" and "came away with the impression that he would change his story as necessary to further his position." *Id.* at 22. The administrative judge considered documentary evidence that Mr. Clipse asserted supported his testimony—including a hotel receipt that he relied on to show that he had been with his brother and not with the student on a given weekend—but found that, on balance, the student's version of events was more likely to be true than Mr. Clipse's version. *Id.* at 22–23.

Similarly, with respect to the other three women, the administrative judge properly and thoroughly considered the necessary factors in making the credibility determinations, and found that among the multiple conflicting testimonies, the testimony of the witnesses testifying against Mr. Clipse were more credible than that of Mr.

Clipse.   Because the administrative judge's determinations are neither inherently improbable nor discredited by undisputed fact, we, like the Board, give them deference.

Mr. Clipse also attempts to cast doubt on the testimony of the female intern by claiming that the agency tampered with evidence.  Mr. Clipse argues that the agency presented an incomplete and inaccurate text log of messages between him and the female intern, and that many of the messages which would have supported his story were altered or deleted.  Even if that were true—which the administrative judge found was unlikely—the administrative judge only considered the text messages that were not in contention and found that they "involved playful flirtatious banter and were certainly not training related." *Initial Decision*, slip op. at 26, 28.

Finally, Mr. Clipse argues that his due process rights were violated because some of the specifications underlying the charges were impermissibly vague.  However, as the administrative judge noted, "[a]ll of the specifications provide a great deal of specific information [that Mr. Clipse] could have addressed.  Further, the agency produced a voluminous amount of investigatory documents and [reports of investigation] upon which it relied." *Id.* at 35–36.  We agree with the administrative judge and the Board and thus conclude that Mr. Clipse did not prove that his due process rights were violated.

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

Costs

Each party shall bear their own costs.