## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ERIC CRUSE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-20-0346-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DATE: June 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lenard Johnson, Twentynine Palms, California, for the appellant.

Douglas T. Frydenlund, Portsmouth, Virginia, for the agency.

Leslie Rosson, Twentynine Palms, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his 90-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a GS-05 Medical Support Assistant (MSA) at the agency's Twentynine Palms Naval Hospital. Initial Appeal File (IAF), Tab 4 at 5. The major duties of this position involve acting as a liaison between patients and medical staff. These duties include, among other things, booking medical appointments, receiving and directing patients to the appropriate point of care, and using "critical thinking skills to refer urgent patient callers to the Nurse assigned as directed by the Clinic [Medical Support Assistant Standard Operation Procedures (MSA SOP)] manual." IAF, Tab 12 at 28-29.

On November 22, 2019, the agency proposed to suspend the appellant for 90 days based on a charge of "Failure to Follow Proper Work Procedures," with five specifications. IAF, Tab 10 at 16. Each specification referred to a telephone call that the appellant received, alleging that the actions that the appellant took pursuant to the call were not in accordance with agency procedures. *Id*. at 12-13. After the appellant responded to the proposal, the agency amended the proposal to notify the appellant of some additional penalty considerations. *Id.* at 5-10. The appellant did not offer any further reply, and the deciding official issued a

decision sustaining the charge and all specifications and imposing the 90-day suspension. *Id*. at 7-10.

The appellant filed a Board appeal, contesting the merits of the action and raising affirmative defenses of violation of due process and harmful procedural error. IAF, Tab 1 at 4, Tab 14 at 2-5, Tab 15 at 4-23. He waived his right to a hearing. IAF, Tab 1 at 2, Tab 13 at 1. After the close of the record, the administrative judge issued an initial decision sustaining the suspension. IAF, Tab 17, Initial Decision (ID). He did not sustain specification 1, but he sustained the other four specifications, and therefore, the charge as a whole. ID at 4-15. The administrative judge found that the appellant failed to prove his affirmative defenses, and that the agency met its burden of proof on the issues of nexus and penalty. ID at 15-23.

The appellant has filed a petition for review, arguing that the administrative judge failed to consider his arguments, particularly with regard to ambiguities in the MSA SOP manual and the agency's use of lack of remorse as an aggravating factor.[2] Petition for Review (PFR) File, Tab 1 at 3-5. The agency has not filed a response.

## ANALYSIS

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the

---

[2] The appellant has attached to his petition copies of the initial decision and his close of the record submission. Petition for Review File, Tab 1 at 6-59. We cite to these documents based on their location in the initial appeal file. IAF, Tabs 15, 17.

action may not be sustained if the appellant shows that it was the product of a due process violation or harmful procedural error.  5 U.S.C. § 7701(c)(2)(A); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).

In this case, neither party disputes the administrative judge's finding that the agency failed to prove specification 1.  ID at 4-5.  We will therefore not revisit this issue on review.  *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").  However, the appellant argues that the administrative judge misinterpreted the MSA SOP in applying it to specification 2.  PFR File, Tab 1 at 4.  He contends that the language of the MSA SOP is ambiguous and that it could be interpreted so that his actions were in compliance.  *Id*.

Under specification 2, the agency alleged as follows:

> On 2 July 2019, patient W called with shortness of breath and chest pain symptoms.  Per [the MSA SOP], these types of symptoms require an Urgent (Red) T-CON and to provide a warm handoff to an RN.[3]  You did not create an Urgent (Red) T-CON for the patient. You attempted to do a warm hand-off to an RN, however the call was dropped prior to the hand off.  As a result, since you did not create a T-CON, the RN was unable to call the patient back.  When the RN spoke to you about the lost call, you hit the recall number on your phone.  You failed to follow the proper procedure as outlined in [the MSA SOP].

IAF, Tab 10 at 12.

In his initial decision, the administrative judge found that, when a patient calls reporting chest pain or shortness of breath, the MSA SOP requires that the MSA both create a T-CON and perform the warm handoff while the patient is on the phone with him.  ID at 8.  In this case, the administrative judge found that the appellant attempted a warm handoff but the call dropped.  ID at 8.  He also found that the appellant did not create a T-CON for this consult until afterwards, when

---

[3] "T-CON" is an abbreviation for "Telephone Consult," a computer entry created in relation to a telephone call to or from a patient.  IAF, Tab 11 at 24-25.  "Warm handoff" refers to connecting a patient's telephone call directly to a nurse.  IAF, Tab 8 at 7.

the individual who was supposed have received the handoff informed him that the call had dropped and there was no T-CON in the system that would enable her to call the patient back. *Id*.

On petition for review, the appellant argues that the language of the MSA SOP is ambiguous as to whether the warm handoff should be attempted before the T-CON is created. PFR File, Tab 1 at 4; IAF, Tab 15 at 19. If we were to restrict our analysis to the single sentence of the MSA SOP that the appellant cites, we would agree. That sentence provides that, when a patient presents with an emergency (as defined elsewhere), the MSA should "[w]arm transfer to RN immediately . . . create an Urgent (Red) T-Con for nurse and provide warm hand-off." IAF, Tab 11 at 25. This rather confusing sentence seems to give a sequence of first providing a warm handoff, second creating an Urgent (Red) T-CON, and third providing a warm handoff. However, the confusion and any resulting ambiguity is resolved by reading the relevant provisions as a whole. The sentence that the appellant cites is located in the T-CON section of the MSA SOP, which sets forth the steps for creating a T-CON in various situations. *Id*. at 24-28. More specifically, this sentence is located under the heading "Inform the patient call-back protocol," in which callback procedures for various types of T-CONs are addressed. *Id*. at 25. In context, we find that the most natural way to read this provision is that the T-CON is created first, and then callback procedures are addressed, or in the case of an Urgent (Red) T-CON, a warm handoff instead of a callback. *Id*. In other words, we find that this sentence begins with reference to a warm handoff because it presupposes that a T-CON has already been created, but it then repeats this sequence of events – the creation of a T-CON first, and a warm handoff second. *Id*. Our reading of this provision is bolstered by a nearly identical provision that appears in the MSA SOP Appointment Scheduling section: "If patient calls or presents for an appointment for the following reasons [including chest pain and shortness of breath], create an

Urgent (Red) T-Con for nurse and provide warm hand-off."[4] IAF, Tab 25 at 10. This provision is arguably redundant of the similar one contained in the T-CON section, but it provides a clearer picture of the sequence of events because it does not proceed from a presumption that a T-CON has already been created. Furthermore, we find that this interpretation makes the most sense because the prompt creation of a T-CON would prevent the very problem that occurred in specification 2, i.e., disconnection of an urgent call with no reliable way to call the patient back.

Therefore, having fully considered and thoroughly addressed the appellant's argument regarding the sequence of operations required by the MSA SOP, we agree with the administrative judge that, in an emergency situation such as the one at issue in specification 2, the MSA SOP provides that a T-CON should be created first, and a warm handoff should be conducted second. ID at 8. We also agree with the administrative judge that, because the appellant attempted the handoff before he created a T-CON, he failed to follow procedures, and that the agency therefore proved specification 2. *Id.*

The appellant does not specifically dispute the administrative judge's findings on the remaining three specifications. Instead, he argues that the administrative judge failed to consider his close of the record submission, and he requests that the Board review that submission and issue a new decision in light of it. PFR File, Tab 1 at 5. As an initial matter, an administrative judge's failure to cite to a particular brief or argument does not mean that he failed to consider it in reaching his decision. *Schindler v. General Services Administration*, 53 M.S.P.R. 171, 173 (1992); *Wilson v. Department of Agriculture*, 28 M.S.P.R. 472, 476 (1985). In any event, we find that the administrative judge did, in fact, consider the appellant's close of the record submission because he cited to it several times and discussed it substantively in his initial decision. ID at 4-5, 7, 9,

---

[4] This is the provision that the administrative judge cited in his initial decision. ID at 6-7.

12, 17-19. Furthermore, under 5 C.F.R. § 1201.114(b), a petition for review must state a party's objections to the initial decision and be supported by specific references to the record. The Board has long held that a petition for review that merely incorporates by reference a brief that was filed with the administrative judge does not satisfy this standard. *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 5 n.2 (2013); *Cole v. Department of Transportation*, 18 M.S.P.R. 102, 104 (1983). We therefore find that the appellant has not provided a basis to disturb the administrative judge's findings on specifications 3 through 5.

The appellant also renews his argument that the agency considered lack of remorse as an aggravating penalty factor without providing him with advance notice that it would do so. PFR File, Tab 1 at 5. However, as the administrative judge correctly found, the proposing official's *Douglas* factor worksheet explicitly stated that the appellant's "failure to recognize and acknowledge his repeated misconduct along with his failure to demonstrate remorse for his behaviors" was being considered as an aggravating penalty factor. ID at 17; IAF, Tab 10 at 18, 23. The agency provided the appellant with a copy of this worksheet as an enclosure with the notice of proposed suspension. *Id*. at 12. We find that this was sufficient to inform the appellant that the deciding official would consider his lack of remorse in arriving at a penalty determination. *See Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004) (finding that the due process notice requirement is satisfied when the proposal and any attachments to it, taken together, provide the employee with sufficient information to make a meaningful reply).

The appellant has not explicitly challenged the administrative judge's other findings on his affirmative defenses. Nor has he challenged the administrative judge's findings on the issues of nexus and penalty. For the reasons explained in the initial decision we agree with the administrative judge's findings on these issues. ID at 15-23.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.