NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3393

AARON R. BURDGE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: August 16, 2005

_____

Before MICHEL, Chief Judge, SCHALL, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Aaron R. Burdge petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed, for failure to state a claim upon which relief could be granted, his appeal of his termination from the Department of the Navy ("agency"). Burdge v. Dep't of the Navy, No. SE-1221-03-0101-W-1 (M.S.P.B. June 17, 2004) ("Final Decision"). Mr. Burdge brought his appeal under the individual right of action (IRA) appeal provisions of the Whistleblower Protection Act, 5 U.S.C. § 1221. We affirm.

DISCUSSION

I.

Mr. Burdge was employed as a Criminal Investigator, GS-1811-11, at the Naval Criminal Investigative Service office on Whidbey Island, Washington. Burdge v. Dep't of the Navy, No. SE-1221-03-0101-W-1, slip op. at 2 (M.S.P.B. Apr. 22, 2003) ("Initial Decision"). On August 18, 2002, during his probationary period, Mr. Burdge was terminated from his position based upon an agency determination that he had demonstrated poor judgment in the exercise of his law enforcement authority through the unnecessary use of the blue lights on a government-owned vehicle and the inappropriate display of his badge and weapon.

Following his termination, Mr. Burdge lodged an IRA claim with the Office of Special Counsel ("OSC"). In seeking corrective action from OSC, Mr. Burdge alleged that his termination had been in retaliation for protected disclosures he made concerning an allegedly unlawful search and seizure and the taking, for personal use, of a document during the search. Specifically, Mr. Burdge charged that on June 15, 2002, Mr. Burdge and his Field Training Agent, Special Agent Donald Johnston, conducted an investigation of the medically unattended death of the spouse of a service member (the "Sparks investigation"). Mr. Burdge alleged that, during the investigation, Special Agent Johnston engaged in an unconstitutional search of a personal computer hard drive at the Sparks residence, printed a copy of a document found on the hard drive, and retained the copy for personal use.

After OSC closed its file in the matter without taking action, Mr. Burdge filed an appeal with the Board under the individual right of action ("IRA") appeal provisions of

the Whistleblower Protection Act.

## II.

Before the Board, Mr. Burdge asserted that he had made a protected disclosure with respect to the Sparks investigation. In that regard, Mr. Burdge testified that sometime between June 15, 2002, and June 20, 2002, he had two conversations about the Sparks investigation with Mark Pendell, who was the Acting Supervisory Special Agent at the Whidbey Island office. According to Mr. Burdge, during the first conversation, he presented the facts relating to the search conducted by Special Agent Johnston in the form of a hypothetical question, without indicating that an actual case was involved. Mr. Burdge further testified that he asked Mr. Pendell if the permissive search form used by the agency during the Sparks investigation would allow the agency to search a personal computer and seize items found on it. According to Mr. Burdge, Mr. Pendell responded that seizing items from a computer would not be a problem pursuant to a permissive search. Mr. Burdge alleges that during a second conversation with Mr. Pendell, he specifically related what had occurred during the June 12, 2002 search. Initial Decision, slip op. at 9-10.

Before the Board, Special Agent Pendell testified that he recalled a discussion with Mr. Burdge that was of a general nature and did not involve the specifics of the Sparks investigation. Id. at 10. Special Agent Pendell also testified that Mr. Burdge had not alleged that the search conducted during the Sparks investigation was illegal, and he stated that if such an allegation had been made, he would have reported it up the chain of command to the agency's Northwest Field Office. Id.

In an initial decision, the administrative judge ("AJ") to whom the appeal was assigned rejected Mr. Burdge's claim that he had made protected disclosures. Initial Decision, slip op. at 12-13. The AJ stated:

> I find Special Agent Pendell's version of his discussion with the appellant to be more credible than the appellant's. Both Special Agent Campbell and Special Agent Johnston testified that Pendell had a reputation as a stickler and this is consistent with Pendell's own testimony that he would have investigated and reported any claim of an unlawful search. Further, Special Agent Pendell has no motive to lie about his discussion with the appellant. He was not implicated in the alleged disclosure and nothing in this record suggests that his relationship with Special Agent Johnston was anything more than collegial. In addition, Special Agent Pendell was quite adamant in his denial that anyone had ever claimed the search was unlawful.

Id., slip op. at 10-11.

The AJ dismissed the appeal for failure to state a claim upon which relief could be granted, finding that Mr. Burdge had failed to establish that he had made a protected disclosure.[1] Id., slip op. at 13. The AJ's initial decision became the final decision of the Board on June 17, 2004, after the Board denied Mr. Burdge's petition for review for failure to meet the criteria set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. §1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or

---

[1] Such a disclosure is a requirement for an IRA claim. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Burdge argues that the AJ's credibility determinations are not supported by substantial evidence because the AJ "misinterpreted" the testimony of Special Agent Pendell. However, the AJ's credibility determinations are virtually unreviewable. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal." (citing Pope v. United States Postal Serv., 114 F.3d 1144, 1149 (Fed. Cir. 1997) ("As an appellate court, we are not in [a] position to re-evaluate these credibility determinations, which are not inherently improbable or discredited by undisputed fact."))). In this case, we see no reason to disturb the AJ's assessment of Mr. Pendell's credibility. What Mr. Burdge is essentially asking us to do is to disregard the factual findings and credibility determinations of the Board and to substitute our own weighing of the evidence. It is not our function to do that. See Bieber, 287 F.3d at 1364. We conclude that the AJ's findings of fact are supported by substantial evidence. Accordingly, the final decision of the Board dismissing Mr. Burdge's appeal is affirmed.

Each party shall bear its own costs.