NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3405

RAY W.  BAGBEE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Ray W. Bagbee, of San Francisco, California, pro se.

Michelle A. Windmueller, Attorney, Law Department, Civil Practice, United States Postal Service, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, and Lori J. Dym, Chief Counsel, Law Department Civil Practice, United States Department of Justice, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3405

RAY W. BAGBEE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: February 6, 2007

_____

Before MICHEL, Chief Judge, and NEWMAN and DYK, Circuit Judges.

PER CURIAM.

Ray W. Bagbee appeals from the decision of the Merit Systems Protection Board ("Board") in SF0752060336-I-1, affirming the United States Postal Service's ("USPS") decision to remove him. We affirm.

BACKGROUND

Bagbee began working with the USPS as a Laborer, Custodial, in 1985. He was assigned on a rotational basis to three agency stations in San Francisco until an incident in January 2004 where he allegedly threatened an employee at one of those stations. After that incident, Bagbee was assigned to work exclusively at the USPS Processing and Distribution Center in San Francisco.

On May 19, 2005, during the course of a meeting with his supervisor, Elizabeth Ramos, and her supervisor, John Daniels, Bagbee made several specific threats. Ms.

Ramos and Mr. Daniels later testified that Bagbee threatened to rape and kill Mr. Daniels's wife, daughter and son, and also to go to Ms. Ramos's house while her husband was working and rape and kill Ms. Ramos's children and then slash Ms. Ramos's throat.

On June 15, 2005, the USPS issued a notice of proposed removal to Bagbee, citing "Unacceptable Conduct / Failure to Follow Instructions," charging him with "Engaging in Violent and Threatening Behavior" in violation of the USPS's "zero tolerance policy on workplace violence." The USPS's zero tolerance policy states that "threats, assaults, or other acts of violence committed against other postal employees or customers will result in severe disciplinary action, up to and including removal from the Postal Service." Resp't App. 29.

Bagbee was removed effective August 26, 2005. He filed a timely "mixed case complaint of discrimination" challenging his removal and alleging that his removal was the result of discrimination based on race, color, age and disability. The USPS dismissed his complaint on the merits. Bagbee timely appealed to the Board.

After a hearing, the Board sustained Bagbee's removal on the merits. The administrative judge ("AJ") held (1) that the agency had proven the factual basis for the misconduct charged by a preponderance of the evidence, based on his finding that the testimony of the government witnesses was more credible than Bagbee's denials; (2) that the USPS met its burden of proving that Bagbee violated the zero tolerance policy, and also that it met the standard of proof for adverse actions based on threats, as articulated in Metz v. Dep't of Treasury, 780 F.2d 1001, 1002 (Fed. Cir. 1986); (3) that the USPS showed that Bagbee's removal promoted the efficiency of the service

2006-3405

2

because there existed a nexus between the removal and the USPS's interest in protecting its employees and their families from threats of bodily harm; and (4) that the USPS properly balanced factors under Douglas v. Veterans Admin. in determining that the appropriate penalty was removal. 5 M.S.P.R. 280, 305-06 (1981). The AJ also rejected Bagbee's claims of discrimination and retaliation on the merits.

Bagbee petitioned for review of the AJ's decision by the full Board. The full Board denied review. An appeal to this court followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). The Board's credibility determinations are questions of fact, and are "virtually unreviewable" on appeal. See Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).

We hold that the Board's findings that the charged misconduct occurred, that the termination promoted the efficiency of the service, and that the penalty imposed is within tolerable limits of reasonableness are supported by substantial evidence. No other findings of fact were necessary to affirm the removal. See Pope v. U.S. Postal Serv., 114 F.3d 1144, 1147 (Fed. Cir. 1997). We have also held that absolute performance standards, such as the USPS's zero tolerance policy, are permissible under the Civil Service Reform Act of 1978. Pub. L. No. 95-454, 92 Stat. 1111 (Oct. 13,

1978) (codified in scattered sections of 5 U.S.C.); <u>Guillebeau v. Dep't of Navy</u>, 362 F.3d 1329, 1335 (Fed. Cir. 2004) ("[N]either the statute nor the regulations bar absolute performance standards.").

On appeal Bagbee refers to his medical problems (apparently, back problems) and desire for workers' compensation. Those facts are not relevant to determining whether he made the threats. Nor do they demonstrate that the penalty of removal was unreasonable in this case. To the extent Bagbee attempts to assert claims of discrimination or retaliation on appeal, Bagbee waived those claims as a condition of filing this appeal. <u>See</u> Fed. Cir. R. 15(c).

Accordingly, we affirm the Board's decision.

No costs.