NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL J. GONZALEZ,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2011-3238

---

Petition for review of the Merit Systems Protection Board in Case No. NY0752110080-I-1.

---

Decided: May 11, 2012

---

MANUEL J. GONZALEZ, of San Juan, Puerto Rico, pro se.

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director. Of counsel on the

brief was GWENEVELYN ANDERSON, Attorney, Department of Homeland Security, of East Point, Georgia.

---

Before NEWMAN, PLAGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Manuel Gonzalez petitions for review of the final decision of the Merit Systems Protection Board ("Board") which affirmed the Department of Homeland Security's ("Agency") decision to remove him from his position as Criminal Investigator with the Agency's Immigration and Customs Enforcement ("ICE") in San Jose, Puerto Rico, effective November 26, 2010. We affirm.

## BACKGROUND

On September 7, 2008, Mr. Gonzalez and his wife, Edmarie Mendez Salas, had an argument that allegedly included Mr. Gonzalez physically attacking and verbally threatening her. On September 9, 2008, a judge with the Commonwealth of Puerto Rico Department of Justice charged Mr. Gonzalez with violation of domestic violence law; when Mr. Gonzalez turned himself in to the local authorities, he was arrested and released on bond. Several weeks after the arrest, Ms. Salas filed a *pro se* motion, recanting the allegations of abuse; the judge then dismissed the charges against Mr. Gonzalez.

ICE's Office of Professional Responsibility ("OPR") conducted its own investigation of the incident, presenting the evidence it found to the Agency's Discipline and Adverse Action Panel ("DAAP"). DAAP proposed, and the Acting Special Agent in Charge sustained, Mr. Gonzalez's removal from Federal employment for (1) Conduct Unbecoming a Law Enforcement Officer for physically assaulting Ms. Salas, on September 7, 2008, and on February 10,

2008, (2) Making Statements That Cause Anxiety, for threatening Ms. Salas, and (3) Lack of Candor, for denying to Agency internal affairs investigators that he was violent towards Ms. Salas or that he recognized a female's voice on a tape recording as belonging to Ms. Salas.

Mr. Gonzalez appealed, and the Administrative Judge ("AJ") who conducted a hearing sustained the charges against Mr. Gonzalez. The AJ's decision became the final decision of the Board once Mr. Gonzalez declined to seek full Board review of the initial decision. Mr. Gonzalez timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of decisions of the Board is limited by statute. We may only set aside agency actions, findings, or conclusions if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

On appeal, Mr. Gonzalez argues the AJ incorrectly determined the credibility of various witnesses, incorrectly admitted evidence against him, and violated his due process rights.[1]

---

[1] Gonzalez also generally asserts that the AJ erred in sustaining the lack of candor charges and in establishing the nexus between the asserted misconduct and the efficacy of service. However, Gonzalez fails to specifically identify how the AJ erred in this regard; as the AJ's conclusions are consistent with the record and supported

As an appellate court, we cannot set aside the AJ's credibility determination unless we find it to be "inherently improbable or discredited by undisputed fact." *Pope v. U.S. Postal Service,* 114 F.3d 1144, 1149 (Fed. Cir. 1997). As we have stated numerous times, credibility determinations are "virtually unreviewable" on appeal. *Chambers v. Dep't of the Interior,* 515 F.3d 1362, 1370 (Fed. Cir. 2008). The AJ thoroughly considered the necessary factors in making a credibility determination, *see Hillen v. Dep't of the Army,* 35 M.S.P.R. 453, 458 (M.S.P.B. 1987), and found that among the multiple conflicting testimonies, the testimony of three witnesses testifying against Gonzalez were more credible than Gonzalez, his wife, and the other supporting witness, after analyzing the plausibility and consistency of all the witnesses. *See Gonzalez v. Dep't of Homeland Sec.,* 2011 MSPB LEXIS 4124 (M.S.P.B. July 1, 2011) (Initial Decision). The AJ's determinations are neither inherently improbable nor discredited by undisputed fact, and we therefore give deference to those determinations.

Similarly, we review evidentiary rulings by the AJ for abuse of discretion and, as a result, will reverse only if the petitioner can "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin v. Office of Pers. Mgmt.,* 846 F.2d 1373, 1379 (Fed. Cir. 1988). Mr. Gonzalez has failed to prove such error.[2] Therefore, the AJ did not abuse its discretion.

---

by substantial evidence, these assertions present no basis for this court to disturb the decision of the AJ.

[2] We also reject Mr. Gonzalez's various arguments that his due process rights were violated. Mr. Gonzalez's arguments are based on the credibility and evidentiary determinations made by the AJ, which we address above.

CONCLUSION

The Board's decision is reasonable and supported by substantial evidence. Therefore we affirm.

No Costs.

**AFFIRMED**