NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL JOSEPH,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2012-3156

---

Petition for review of the Merit Systems Protection Board in No. AT1221110202-W-2.

---

Decided: November 9, 2012

---

MICHAEL JOSEPH, of Miami, Florida, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before O'MALLEY, PLAGER, and REYNA *Circuit Judges*.

PER CURIAM.

Michael Joseph petitions for review of a final decision of the Merit Systems Protection Board ("the Board") denying his request for corrective action under the Whistleblower Protection Act ("the Act").[1]  Because the Board's decision is in accordance with the law, was obtained through proper procedures, and is supported by substantial evidence, we *affirm*.

## BACKGROUND

Mr. Joseph was employed by the Department of Homeland Security ("the agency") under the Student Career Experience Program ("SCEP") from November 2002 through August 2010.  On March 10, 2010, Mr. Joseph attended a meeting organized by Congressman Kendrick Meeks, during which agency employees were encouraged to voice concerns about managerial misconduct within the agency.  During that meeting, Mr. Joseph stated his belief that senior management officials had violated Federal regulations by scheduling SCEP employees for work during hours that they were scheduled for class.  On July 9, 2010, the agency informed Mr. Joseph that there would not be any competitive service positions available within the district when he finished his schooling and, therefore, he would not be converted to a term, career, or career-conditional appointment per 5 C.F.R. § 213.3202 and the agency's SCEP policy.

Mr. Joseph appealed the agency's decision to the Board alleging that the agency failed to convert his SCEP

---

[1]    *Joseph v. Dep't of Homeland Sec.*, No. AT-1221-11-0202-W-2 (April 27, 2012) ("*Final Decision*").

position to a career position in retaliation for his protected whistleblowing during the meeting with Congressman Meeks. In an initial decision, the administrative judge determined that Mr. Joseph had suffered an adverse personnel action, but had not established that he had made a protected disclosure.[2] The administrative judge further determined that even if Mr. Joseph had made a protected disclosure, he did not show that the disclosure was a contributing factor in the agency's decision not to convert his SCEP appointment into a permanent appointment. *Id.* at 7-10.

On petition for review, the Board vacated the protected disclosure portion of the initial decision, finding that Mr. Joseph had made a protected disclosure. *Final Decision* at 3-4. However, the Board affirmed the no contributing factor portion of the initial decision, finding that Mr. Joseph had failed to prove that the officials who were involved in the decision not to convert his SCEP appointment to a permanent position knew of his protected disclosure. *Id.* at 5-6. Accordingly, the administrative judge's initial decision denying corrective action under the Act became the final decision of the Board. *Id.* at 6. This appeal followed.

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or

---

[2] *Joseph v. Dep't of Homeland Sec.*, AT-1221-11-202-W-2, slip op. at 3-7 (November 14, 2011) ("*Initial Decision*").

regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c).

Mr. Joseph contends that his due process rights were violated because the administrative judge in the initial decision failed to discuss the criteria set forth in *Hillen v. Dep't of the Army*, 35 M.S.P.R. 453 (1987) for assessing witness credibility. According to Mr. Joseph, this omission denied him a reasonable opportunity to refute the Board's reasoning on appeal.

We disagree. Although we have recognized the Board's use of *Hillen's* instructions for resolving credibility determinations (*see, e.g.*, *Long v. United States Postal Service*, 968 F.2d 1226, \*3 (Fed. Cir. 1992)), we have not required a formalistic discussion of the *Hillen* factors in every Board decision. Rather, we view *Hillen* as having articulated general procedural guidelines that the Board has established for its adjudicative process, and we review the Board's fulfillment of those procedures in that light. *See Haebe v. Dep't of Justice*, 288 F.3d 1288, 1302 n.32 (Fed. Cir. 2002).

In Mr. Joseph's case, the Board had before it affidavits from the Field Office Director and District Director stating that neither knew of Mr. Joseph's protected disclosure until after they had made the decision not to convert his SCEP position into a career position. The Board also had before it an affidavit from the District Director's former assistant stating that she "know[s] Ms. Swacina [the District Director] was aware of Mr. Joseph's disclosures," though with no explanation of how she knows. The Board resolved the apparent conflict between the District Director's affidavit and her former assistant's affidavit by noting that the assistant "doesn't explain how it is that she knows" that the Director was aware of Mr.

Joseph's disclosure, and that she "may have just presumed that . . . the District Director[] must have known." *Initial Decision* at 9. Finding that the District Director "is in the best position to know what she knew," the Board credited her affidavit over that of her former assistant. *Id.*

Although the Board did not provide a comprehensive discussion of the *Hillen* factors, the Board's articulation of specific reasons for its credibility determination provided a reasonable opportunity for Mr. Joseph to refute the Board's decision on appeal. Accordingly, there has been no infringement of Mr. Joseph's right to due process.

Mr. Joseph also challenges the Board's decision to credit the District Director's testimony over that of her former assistant. According to Mr. Joseph, the Board's decision is "illogical" because the assistant was in a position to be aware of Ms. Swacina's activities and knowledge, and improperly raises the burden of proof to that of "smoking gun direct evidence."

Mr. Joseph requests that we reevaluate the conflicting evidence in this case and come to a different conclusion than the Board. But that is not our function. As an appellate court, we are not in a position to reevaluate credibility determinations that are not inherently improbable or discredited by undisputed facts. *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997). Accordingly, we have held that "an evaluation of witness credibility is within the discretion of the Board and that, in general, such evaluations are virtually unreviewable on appeal." *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed.Cir.1998) (internal citation omitted).

It is true that credibility determinations typically reflect the trial officer's assessment of the truth of a witness's testimony based on observation at a hearing or trial. In this case, since no hearing was held, the Administrative Judge (and the Board) based what it called credibility on the substance of the affidavits. Mr. Joseph argues that such affidavits cannot properly be given the respect usually accorded in personam credibility determinations.

As we read the record, however, the Board's crediting the affidavit evidence of the District Director over the affidavit evidence of her former assistant was based on the content of the affidavits. The Board found the statement of the assistant as to what the District Director actually knew at the relevant time less convincing than the personal statement of the director as to what she herself then knew. This was in large part because the assistant's affidavit gave no explanation to support her allegations.

Thus, we decline to reverse the Board's credibility determination in this case based on Mr. Joseph's conjecture that the District Director's former assistant must have been aware of Ms. Swacina's knowledge by virtue of her position. Although the Act does not require "smoking gun direct evidence" that the official who took the disputed personnel action knew about the alleged protected activity, the Act does require a petitioner to provide some factual basis for his allegation beyond mere speculation. Based on the record in this case, the Board's decision to credit the District Director's testimony over that of her former assistant is neither inherently improbable nor discredited by undisputed facts.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision to deny Mr. Joseph's request for corrective action under the Whistleblower Protection Act.

**AFFIRMED**