**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1853

CHARLES PATRICK HARRIS,

          Plaintiff - Appellant,

     v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,

          Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  David Shepardson Cayer, Magistrate Judge.  (1:20-cv-00129-DSC)

Submitted:  May 31, 2022                                     Decided:  July 28, 2022

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Christopher S. Stepp, THE STEPP LAW FIRM, Hendersonville, North Carolina, for Appellant.  Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; David N. Mervis, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Patrick Harris appeals the Social Security Administration's (SSA) denial of his application for disability insurance benefits and supplemental security income.  On appeal, he challenges various rulings by the Administrative Law Judge ("ALJ").  We affirm.

First, Harris asserts that the ALJ erred in determining his residual functional capacity ("RFC").  The RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks omitted).  "In other words, the ALJ must *both* identify evidence that supports [her] conclusion *and* build an accurate and logical bridge from that evidence to [her] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (brackets and internal quotation marks omitted); *see Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").  However, failure to strictly comply with these requirements does not automatically necessitate remand. *Mascio*, 780 F.3d at 636. Rather, the driving consideration is whether the ALJ's analysis allows for meaningful judicial review. *Id.*

Here, Harris contends that the ALJ improperly used the following conclusory, "boilerplate" language:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the

2

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

(A.R. 26). We review the ALJ's assessment of a claimant's credibility to ensure that it is supported by substantial evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). Moreover, "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" *Edelco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (internal citations omitted). Under a substantial evidence standard of review, an administrative fact-finder's determinations on issue of credibility should be virtually unreviewable on appeal. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1149 (Fed. Cir. 1997).

We conclude that the ALJ appropriately found that Harris's reports of limitations were not supported by the record and that the ALJ properly documented the evidence and analysis relied upon in reaching that conclusion and in determining Harris's RFC. Specifically, the ALJ noted that Harris "rarely required medication refills for pain" and that he "treated many of his conditions historically with limited ongoing intervention outside of the general medication maintenance." (A.R. 26-27). The ALJ stated that, while Harris was treated for various conditions, the medical intervention was limited, with certain conditions at times being asymptomatic and/or improving. The ALJ carefully considered the medical opinion evidence and accepted those supported by objective evidence and treatment records. Thus, while the ALJ might have included some "boilerplate" language, she followed this language with a detailed review of the evidence and specific findings. Contrary to Harris's general assertion, the ALJ cited specific contradictory testimony and

3

evidence in analyzing Harris's credibility. Further, the ALJ appropriately identified the evidence supporting her conclusions and drew logical connections between the evidence and the RFC. Accordingly, we uphold the ALJ's credibility and RFC determinations.[1]

Next, Harris asserts that the ALJ and the Appeals Council failed to consider the evidence of the deterioration of his condition. Harris does not explain his argument in any detail, and it is unclear whether he is relying on something in the record before the ALJ or on additional evidence submitted after the ALJ's decision.[2] Harris's failure to explain his argument or support it with citations to a voluminous record renders review impossible. Accordingly, we find that Harris has waived his argument that his additional evidence showed deterioration of his condition. *See, e.g., Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its

---

[1] Harris briefly raises two other meritless claims when discussing his RFC. First, he contends that the ALJ failed to consider a mental health evaluation by Donald Hinnant, PhD; however, the ALJ explicitly analyzed Hinnant's opinion, giving it little weight, because Hinnant failed to include results for tests he administered, confine suggested limitations to those based on mental health complaints, and consider Harris's complaints of pain in light of his limited use of medications. Next, Harris asserts that the ALJ did not consider the vocational expert's testimony that, if all of Harris's purported limitations were considered, there were no jobs that Harris could perform. Given that the ALJ did not accept all of Harris's testimony regarding his limitations, however, this testimony was irrelevant.

[2] Harris submitted a substantial number of medical records after his hearing. Many of these records documented Harris's hospitalization due to an infection following surgery on his finger, which occurred after the hearing. However, Harris does not allege that he is still suffering consequences from either the surgery or the infection, and he does not suggest what further limitations the medical records of his hospitalization support. While Harris submitted certain other medical records after the hearing, stating that they documented decreased foot sensation and chronic hand pain, he does not explain when his conditions allegedly began to deteriorate or whether his recent symptoms are appreciably different than they were at the hearing or at an earlier time.

4

opening brief or by failing to develop [its] argument—even if [its] brief takes a passing shot at the issue.") (alterations in original) (citations and internal quotation marks omitted); *see also Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.") (citation omitted).

Next, Harris argues that Donald Hinnant, PhD, was a treating physician and that, thus, his opinion should have been given the weight required by *Arakas v. Commissioner,* 983 F.3d 83 (4th Cir. 2020). In social security disability cases, the "treating physician rule" instructs claimants that "[g]enerally," the SSA will "give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). "[T]he opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In *Arakas,* the Court held that the "substantial support from the other objective evidence of record" is not necessary for according controlling or great weight to a treating physician's opinion. Rather, the opinion must be given controlling weight unless it is based on medically unacceptable clinical or laboratory diagnostic techniques or is contradicted by the other substantial evidence in the record. 983 F.3d at 107.

A treating source is defined as follows:

> Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you.  Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).  We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s).  We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability.

20 C.F.R. § 404.1527(a)(2).  Harris contends that Hinnant's "evaluation . . . extended over a long enough period of time" that Hinnant should have been considered a treating physician.  (Appellant's Br. at 15).  However, Harris does not state over what period of time he was treated by Hinnant or what that treatment entailed.

The record contains Hinnant's "Independent Psychological Evaluation" dated October 16, 2016.  In this evaluation, Hinnant reviewed Harris's SSA file and drew conclusions regarding his ability to work.  Although Hinnant concluded that Harris had a "good prognosis" for his diabetes, psychological symptoms, and pain, Hinnant did not provide any treatment or medication.  (A.R. 2325-29).  Hinnant also filled out a SSA Psychiatric Review Technique form and a SSA Mental Residual Functional Capacity Assessment, both dated September 21, 2016, providing his opinion on Harris's functional limitations.  Given that Harris appears to have only seen Hinnant for purposes of supporting his claim, the ALJ did not err in failing to evaluate Hinnant's opinion under the treating physician rule.

6

Finally, Harris raises a constitutional claim based on *Selia Law LLC v. Consumer Financial Protection Bureau,* 140 S. Ct. 2183, 2204 (2020), which found that restrictions placed on the President's ability to remove the head of an agency were unconstitutional. Harris asserts that the Commissioner of the SSA was subject to similar tenure protections, and as such, he is entitled to new hearing.  Harris contends that he was harmed when the former Commissioner attempted to undermine the treating physician rule, which allegedly resulted in Hinnant's opinion not being properly considered.  *See Collins v. Yellen,* 141 S. Ct. 1761, 1787-89 (2021) (holding that, even where an unconstitutional statutory removal restriction exists, so long as there is no defect in the method of appointment, a claimant must show that the restriction actually caused him harm).

There are numerous defects in this argument.  First, this claim was not raised below and, thus, has been waived absent exceptional circumstances.  *See Hicks v. Ferreyra*, 965 F.3d 302, 309–11 (4th Cir. 2020).  Next, in 2019, when the ALJ issued her decision, the SSA was headed by an Acting Commissioner, who was not subject to any statutory tenure protection.  Further, Harris's attempt to show harm fails because, as discussed above, Hinnant was not a treating physician, so any change in the treating physician rules was not relevant.  As such, this claim is without merit.

Based on the foregoing, we affirm the SSA's ruling.  We deny Harris's motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*