**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RODGER REID, | DOCKET NUMBER |
| Appellant, | CH-0752-20-0218-I-1 |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | DATE: December 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodger Reid, Wakeman, Ohio, pro se.

Briana Martino, Des Plaines, Illinois, for the agency.

Marquitta Robinson, Fort Worth, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 120-day suspension. For the reasons discussed below, we GRANT the agency's petition for review, AFFIRM the administrative judge's conclusions regarding the charge, nexus, and the appellant's affirmative defense, REVERSE the administrative judge's mitigation of the penalty, and SUSTAIN the appellant's removal.

## BACKGROUND

The following facts are undisputed. The appellant was an Air Traffic Control Specialist for the agency's Federal Aviation Administration (FAA). Initial Appeal File (IAF), Tab 6 at 10. Air Traffic Control Specialist is a Testing Designated Position (TDP) for both drugs and alcohol, which means that this is a position with critical safety or security-sensitive responsibilities and the incumbent is subject to drug and alcohol testing under Department of Transportation (DOT) Order 3910.1D.[2] IAF, Tab 6 at 6, Tab 20 at 45, 121.

In the early morning hours of December 21, 2018, the appellant was stopped by an officer of the Ohio State Highway Patrol, who suspected him of driving under the influence of alcohol. IAF, Tab 6 at 122, 129. The appellant, who admitted to drinking earlier that night, had difficulty completing a field sobriety test and refused to take a breathalyzer test. *Id.* He was arrested and charged with Operating a Vehicle under the Influence of Alcohol. *Id.* The appellant notified the agency of his arrest the same day. *Id.* at 122. The appellant pled no contest to the charge, and on May 28, 2019, he was convicted of Operating a Vehicle under the Influence of Alcohol and given a 27-day suspended sentence, with 3 days of credit for having attended a driver drug and alcohol intervention program. IAF, Tab 6 at 25, Tab 20 at 34, 258-59.

---

[2] The record contains two copies of DOT Order 3910.1D. IAF, Tab 6 at 29-119, Tab 20 at 35-127. We cite to the Order at Tab 20 because it is more current.

Meanwhile, the agency had the appellant evaluated by a Licensed Independent Social Worker, who diagnosed him with "Alcohol Dependence requiring Intensive Outpatient Treatment." IAF, Tab 6 at 21, 144, Tab 20 at 239, 247-52. On May 15, 2019, the agency offered to enroll the appellant in a Treatment and Rehabilitation Plan (TRP) through its Employee Assistance Program. IAF, Tab 6 at 144-50. The appellant declined the offer, and the agency proposed his removal based on one charge of "Off-Duty Alcohol Misconduct by a TDP Employee Subject to Alcohol Testing." IAF, Tab 6 at 25-28, Tab 24 at 3. After the appellant responded, the agency issued a decision removing him effective January 9, 2020.[3] IAF, Tab 6 at 10-24.

The appellant filed a Board appeal, contesting the reasons for the removal and raising an affirmative defense of harmful procedural error. IAF, Tab 1 at 3, 5, Tab 10 at 3. The appellant did not request a hearing. IAF, Tab 1 at 2. After the close of the record, the administrative judge issued an initial decision mitigating the removal to a 120-day suspension. IAF, Tab 26, Initial Decision (ID). He found that the agency proved its charge and established nexus, and that the appellant failed to prove his affirmative defense. ID at 4-5, 12-13. Nevertheless, he determined that the agency failed to consider the relevant penalty factors and essentially disciplined the appellant for failing to enroll in a TRP rather than for the underlying misconduct. ID at 5-9. He concluded that, under the circumstances, the maximum reasonable penalty was a 120-day suspension. ID at 9-12.

---

[3] The same individual served as both the proposing and deciding official. IAF, Tab 20 at 235. The Board has found that such an arrangement is permissible, absent agency regulation to the contrary. *O'Neil v. Department of Transportation*, 12 M.S.P.R. 212, 215 (1982).

The agency has filed a petition for review, contesting the administrative judge's penalty analysis.[4]  Petition for Review (PFR) File, Tab 1.  The appellant has not filed a response.

## ANALYSIS

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service.  *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(a)(1)(ii).  To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable.  *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997).  However, even if the agency carries this burden, the action may not be sustained if the appellant shows that it was the product of harmful procedural error.  5 U.S.C. § 7701(c)(2)(A); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).  In this case, neither party has challenged the administrative judge's findings on the charge, nexus, or the appellant's affirmative defense.  These findings appear to be correct on their face, and we will not revisit them on review.  *See* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues raised in a timely filed petition or cross petition for review).  Accordingly, the only remaining issue is penalty.

Because the agency's only charge is sustained, the Board's authority to review the penalty is limited.  *Cantu v. Department of the Treasury*, 88 M.S.P.R.

---

[4] The administrative judge ordered interim relief, and the agency has provided a certification of compliance under 5 C.F.R. § 1201.116(a).  ID at 14; Petition for Review (PFR) File, Tab 1 at 27-28.  However, the agency stated that, not only would the appellant's return to the workplace be unduly disruptive, it was not able to provide him with reinstatement and back pay in any event because his mandatory retirement date had already passed during the period in which the 120-day suspension was supposed to occur.  PFR File, Tab 1 at 27-28.  The appellant has not challenged the agency's certification, and we find that it is sufficient to show compliance with the interim relief order.

253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that management judgment has been properly exercised. *Id.* at 302. Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.* at 306. The Board has identified a nonexhaustive list of factors that are normally relevant for consideration in determining the appropriateness of a penalty. *Id.* at 305-06.

In this case, the administrative judge found that the agency's penalty selection did not merit deference because the agency did not properly exercise managerial judgment in reaching its penalty determination. ID at 5-9. Specifically, he found that the deciding official failed to consider several important mitigating factors and that he based his penalty determination primarily on misconduct with which the appellant was not charged, i.e., failure to enter into an agency-overseen TRP. *Id.* On petition for review, the agency argues that the administrative judge misconstrued the effect of the appellant's failure to enter into a TRP. Specifically, the agency argues that, under its regulations, the appellant's arrest and diagnosis of alcohol dependency required a removal action, but that the removal would have been held in abeyance pending the appellant's successful completion of a TRP. PFR File, Tab 1 at 7-12. The agency also argues that the deciding official properly considered the relevant *Douglas* factors and that the administrative judge made several errors in his *Douglas* factor

analysis. *Id.* at 15-24. We begin by examining the pertinent agency regulation, DOT Order 3910.1D.[5] *Id.* at 20 at 29-119.

Chapter XI of DOT Order 3910.1D, governs "drug and alcohol prohibitions and disciplinary actions." *Id.* at 108-17. Section 10 of that chapter pertains to "off-duty alcohol-related conduct," such as driving under the influence of alcohol. *Id.* at 115. TDP employees are required to report promptly any arrest for an off-duty alcohol related infraction, whereupon the agency "will ensure that an assessment is conducted by a Substance Abuse Professional to determine whether the employee is a candidate for rehabilitation." *Id.* At that point, the Substance Abuse Professional will determine that the employee is either "at risk" or "not at risk."[6] *Id.* For an employee found not at risk, the agency is required to take corrective action sufficient to impress upon him the seriousness of the matter, require him to attend an alcohol education program, and warn him that similar misconduct in the future will result in a removal action. *Id.* For an employee found at risk, the agency will offer him a TRP. *Id.* If he declines the TRP, DOT Order 3910.1D requires that the agency propose his removal and again offer him a TRP. *Id.* "If the employee accepts the offer of the TRP, the decision notice informs the employee that the implementation of the disciplinary/adverse action is held in abeyance pending successful completion of the TRP. If the employee declines the offer of a TRP, then the disciplinary/adverse action shall be implemented." *Id.*

Although the agency asserts on review that the appellant's refusal of a TRP did not affect the penalty analysis, there is evidence in the record to suggest that

---

[5] The agency states that DOT Order 3910.1D is "based on" Executive Order 12564, 51 Fed. Reg. 32889 (Sept. 15, 1986). PFR File, Tab 1 at 4. Although this may be true in part, at least with respect to employee use of illegal drugs, the executive order gives wide latitude for agencies to craft their own policies, and it says nothing at all about employee alcohol use.

[6] The record does not reveal exactly what "risk" the Substance Abuse Professional is supposed to be evaluating. We presume that it is a risk of re-offense, either on- or off-duty.

it did, and that it was, in fact, the sole determining factor. Specifically, the deciding official stated in his decision letter that "[t]he DOT Order is very clear that the Agency must remove a covered employee who refuses to enter or fails to successfully complete counseling or a rehabilitation program under the [Employee Assistance Program]." IAF, Tab 6 at 14. We disagree because that is not what the Order says. The Order requires the agency to *propose* the removal of a TDP employee who commits off-duty alcohol misconduct and refuses a TRP, but it does not purport to limit the discretion of the deciding official to mitigate the proposed penalty. IAF, Tab 20 at 115. Even if the Order could be interpreted to require removal in such cases, we would not accept this interpretation because it would be tantamount to a zero-tolerance policy that mandates removal as the only possible penalty for a given offense. "Such a policy would render wholly unnecessary application of the *Douglas* factors, which exist to guard against arbitrary penalties." *Baird v. Department of the Army*, 517 F.3d 1345, 1351 (Fed. Cir. 2008). The Board has repeatedly held that, when an agency imposes removal under a zero-tolerance policy without giving bona fide consideration to the appropriate *Douglas* factors, its penalty determination is not entitled to deference. *See, e.g.*, *Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶ 15 (2006), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007); *Omites v. U.S. Postal Service*, 87 M.S.P.R. 223, ¶ 11 (2000).

Nevertheless, there is other evidence in the record to suggest that the deciding official weighed the relevant penalty factors in arriving at his decision. The agency submitted a written and signed statement by the deciding official, discussing the appellant's "good record" in contrast to his lack of remorse and the deciding official's loss of trust and confidence in him.[7] IAF, Tab 20 at 235-36.

---

[7] The statement purports to be an affidavit. IAF, Tab 20 at 1, 235-36. However, it fails to meet the requirements of an affidavit because it was not sworn before a notary public or other person authorized to administer oaths. *Id.* at 235-36; *see Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 15 (2011). The statement also fails to meet the requirements of a declaration pursuant to 28 U.S.C. § 1746, because it was not

Nevertheless, the deciding official does not explicitly state that he weighed these factors in arriving at his penalty selection. The removal decision itself states that the deciding official considered the appellant's 34 years of service, his lack of prior discipline, and his good work performance, but that these "positive attributes" did not outweigh the seriousness of his misconduct. IAF, Tab 6 at 14. However, as explained above, the decision letter goes on to state that the appellant "must" be removed pursuant to DOT Order 3910.1D. Considering the conflicting evidence, and mindful that the agency bears the burden of proof on the issue of penalty, we agree with the administrative judge that the agency failed to prove that the deciding official gave bona fide consideration to the appropriate *Douglas* factors and that the agency's penalty section is therefore not entitled to deference. ID at 9. We will therefore independently weigh the relevant *Douglas* factors to evaluate the reasonableness of the penalty. *See Cunningham v. U.S. Postal Service*, 112 M.S.P.R. 457, ¶ 6 (2009).

Before proceeding to our independent assessment of the *Douglas* factors, we must clarify two points. First, we do not agree with the administrative judge that the agency, in essence, removed the appellant based on uncharged misconduct, i.e., failure to undergo a TRP. ID at 7-8. The mere fact that an aggravating penalty consideration does not fall within the scope of the charge does not transform it into uncharged misconduct, even if that factor is the overriding reason for the chosen penalty.

Second, we do not agree with the administrative judge that the appellant was subjected to an inconsistent penalty as compared to two other agency employees. ID at 8-9, 11. The administrative judge found that these employees were convicted of off-duty alcohol-related offenses but received no discipline at

---

signed "under penalty of perjury." IAF, Tab 20 at 235-36; *see Adamsen*, 116 M.S.P.R. 331, ¶ 15. It is therefore nothing more than an unsworn statement, and we assign its weight accordingly. *See Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (stating that a sworn statement has greater weight than one that is unsworn), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table).

all. *Id.* The agency argues for the first time on review that these two employees were treated differently because the Substance Abuse Professionals who assessed them found them to be "not at risk." PFR File, Tab 1 at 16-17. However, if the agency wished for the Board to consider this information, it should have raised the matter below, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980), and in any event, the assertions of agency counsel in the petition for review do not constitute evidence of the facts that the agency now proffers, *see Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Nevertheless, having reviewed the evidence of record in light of the Board's decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 9-18, we find insufficient information to conclude that the appellant and the comparators were similarly situated.[8] Putting the issue of their substance abuse assessments aside, the record does not reveal what positions these employees held, where they were stationed, or who was in their chain of command, all of which are important factors in determining comparability. IAF, Tab 10 at 3, Tab 21 at 59-60, 63, Tab 24 at 3; *see Singh*, 2022 MSPB 15, ¶ 13.

Proceeding to our independent assessment of the penalty factors, despite the agency's failure to conduct a proper penalty analysis in this case, we find that removal was still the most reasonable penalty under the circumstances. Specifically, we agree with the agency that the appellant's offense of off-duty alcohol misconduct is serious as it relates to the nature and duties of his position. PFR File, Tab 1 at 22-23. Although the charged offense occurred off duty, as an Air Traffic Control Specialist, the appellant "had enormous responsibility for the lives and property of others." *Scott v. Department of Transportation*, 45 M.S.P.R. 639, 644 (1990). "The position entails awesome pressures and requires split second decisions. Few, if any, positions demand more alertness of mind and soundness of judgment and the stress and strains of the controller are

---

[8] The administrative judge did not have the benefit of *Singh* at the time he issued his initial decision.

incalculable." *Borsari v. Federal Aviation Administration*, 699 F.2d 106, 110 (2d Cir. 1983). Therefore, the agency rightly treats with the utmost seriousness, as reflected in DOT Order 3910.1D, any indication that an Air Traffic Control Specialist's use of mind-altering substances might impinge on his exercise of judgment while on duty.

The agency requires a risk assessment be undertaken when an Air Traffic Control Specialist engages in off-duty alcohol-related misconduct. IAF, Tab 20 at 115. In this case, the appellant underwent two assessments. The first assessment was made in the context of a driver drug and alcohol intervention program that he attended in connection with the criminal proceedings, and the second was the agency-directed assessment prescribed in DOT Order 3910.1D. *Id.* at 115, 248, 259. After a screening in the driver intervention program, the appellant was found not to have signs or symptoms of alcohol dependency and no further assessment was recommended, *id.* at 259, but the agency-ordered assessment resulted in a finding that the appellant suffered from substance dependence that could reasonably be expected to render him unable to perform the duties of his position, *id.* at 248. Although these results may appear to be incongruous on their face, we decline to find that the agency's assessment is, therefore, invalid. Rather, we conclude that the reason for the difference is that the agency-directed evaluation applied the FAA's Medical Standards for Substance Dependence, which do not align with the criteria for substance abuse under the Diagnostic and Statistical Manual of Mental Disorders. *Id.* We find nothing to prevent the agency from tailoring its substance abuse assessment criteria to its specific needs as an employer, and despite the appellant's opinion to the contrary and the results of the court intervention program, we see no error in the agency's determination that the appellant's alcohol misuse represented a risk.

Despite the agency's determination, the appellant insisted that there was no risk to the agency or the flying public, and despite the agency's repeated entreaties, the appellant refused to enter into a TRP, the successful completion of

which would have both allayed the agency's concerns and allowed him to keep his job. IAF, Tab 6 at 14-15, 27-28, 144-150, Tab 20 at 235-36, Tab 24 at 3. Instead, the appellant met the agency's offer with recriminations and baseless accusations of insurance fraud. IAF, Tab 6 at 18-23, Tab 20 at 227. He also insisted that his off-duty alcohol misuse was unrelated to his official duties and that he should not suffer any employment-related consequences for it. IAF, Tab 6 at 18, Tab 20 at 229-30. Under these circumstances, we find that the deciding official's loss of trust and confidence in the appellant was well-founded. IAF, Tab 20 at 235; *see Woodford v. Department of the Army*, 75 M.S.P.R. 350, 357 (1997) ("Loss of trust is a significant aggravating factor.").

Nevertheless, there are some mitigating factors present in this case. We agree with the administrative judge that the appellant's 34 years of good, discipline-free service weigh strongly in his favor. ID at 10. However, we do not agree with the administrative judge that the appellant's self-report of his arrest was a significant mitigating factor. ID at 8. Under DOT Order 3910.1D, a TDP employee who is arrested for an off-duty alcohol-related driving infraction must notify the agency promptly, and his failure to do so constitutes a separate act of chargeable misconduct. IAF, Tab 20 at 115, 132. An agency is entitled to expect its employees to follow their supervisors' instructions. *Meads v. Veterans Administration*, 36 M.S.P.R. 574, 584 (1988). By self-reporting, the appellant may have avoided making matters worse, but he was doing no more than was required of him.

Nor do we find the appellant's enrollment in the driver drug and alcohol intervention program to be a significant mitigating factor. ID at 8. His enrollment in the program may have been voluntary in the sense that the court did not order him to do it, but he enrolled with the understanding that it would count as credit toward his 30-day sentence. IAF, Tab 20 at 34, 226, 238. We are therefore not persuaded by the appellant's claim that he enrolled "in hopes of mitigating and expediting [his] return to duties." IAF, Tab 6 at 18. Instead, it

appears that the appellant happened to have had two separate and distinct substance abuse evaluations, and he insisted that credence should only be given to the evaluation that was more favorable to him. Finally, for the reasons explained above, we find insufficient evidence to conclude that consistency of the penalty is a mitigating factor in this appeal.

Considering the totality of the circumstances, we find that removal is a reasonable penalty for the charged misconduct. An arrest for driving under the influence of alcohol is a serious offense for an Air Traffic Control Specialist, and removal for a first offense falls within the parameters of the agency's table of penalties. IAF, Tab 20 at 134. Therefore, we reverse the administrative judge's mitigation of the penalty and sustain the appellant's removal.

### NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.